```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------------------------------
CERTAIN UNDERWRITERS AT LLOYDS,
LONDON, INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY
INSURANCE COMPANY, STEADFAST
INSURANCE COMPANY, GENERAL
SECURITY INDEMNITY COMPANY OF
ARIZONA, UNITED SPECIALTY
INSURANCE COMPANY, LEXINGTON
INSURANCE COMPANY, HDI GLOBAL
SPECIALTY SE, OLD REPUBLIC                    No. 22-CV-9849 (LAP)
UNION INSURANCE COMPANY,
GEOVERA SPECIALTY INSURANCE                    OPINION AND ORDER
COMPANY, and TRANSVERSE
SPECIALTY INSURANCE COMPANY,,

                       Petitioners,

-against-

3131 VETERANS BLVD LLC,

                       Respondent.
-----------------------------------------------------------------

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are three motions: the Insurers' Petition

to Compel Arbitration,[1] the Insurers' Motion to Enjoin the

Louisiana State Court Action,[2] and Respondent's Motion to Dismiss

---

[1] (Notice of Petition to Compel Arbitration, dated November 18, 2022 [dkt. no. 2]; Petitioner's Memorandum of Law in Support of their Petition to Compel Arbitration ("Pet. Arb. Br."), dated November 18, 2022 [dkt. no. 3]; Petitioners' Reply Memorandum of Law in Further Support of Their Petition to Compel Arbitration ("Pet. Arb. Reply"), dated December 27, 2022 [dkt. no. 32].)

[2] (Notice of Motion to Enjoin the Louisiana State Court Action, dated December 19, 2022 [dkt. no. 26]; Petitioners' Memorandum of Law in Support of Their Motion to Enjoin the Louisiana State Court Action ("Pet. Inj. Br."), dated (footnote continued)

1

for Lack of Personal Jurisdiction.[3] Respondent opposes both of the Insurers' motions[4] and the Insurers oppose Respondent's motion.[5] For the reasons below, Insurers' Petition to Compel Arbitration is DENIED. As a result, the Insurers' Motion to Enjoin the Louisiana State Court Action and Respondent's Motion to Dismiss for Lack of Personal Jurisdiction are DENIED as moot.

I. **Background**

Petitioners (the "Insurers") are insurers that severally participated in an insurance policy, (the "Policy," dkt. no. 4-1), issued to 2121 Borders, LLC ("Borders") for property located at 3131 Veterans Memorial Boulevard, Metairie, LA 70002 (the "Property") for the one-year period commencing on February 11,

---

(footnote continued) December 19, 2022 [dkt. no. 27]; Petitioners' Memorandum of Law in Further Support of Their Motion to Enjoin the Louisiana State Court Action ("Pet. Inj. Reply"), dated January 6, 2023 [dkt. no. 35].)

[3] (Notice of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction, dated December 19, 2022 [dkt. no. 29]; Respondent's Memorandum in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Resp. MTD Br."), dated December 19, 2022 [dkt. no. 30]; Reply Memorandum in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Resp. MTD Reply"), dated January 10, 2023 [dkt. no. 36].)

[4] (Opposition to Motion to Compel Arbitration ("Resp. Arb. Opp."), dated December 19, 2022 [dkt. no. 31]; Opposition to Motion to Enjoin Louisiana State Court Action ("Resp. Inj. Opp."), dated December 30, 2022 [dkt. no. 33].)

[5] (Petitioners' Memorandum of Law in Opposition to Respondent's Motion to Dismiss ("Pet. MTD Opp."), dated January 3, 2023 [dkt. no. 34].)

2

2021. (Petition to Compel Arbitration ("Pet."), dkt. no 1 ¶ 5.) On August 29, 2021, Hurricane Ida damaged the Property. (Id. ¶¶ 6-7.) On May 3, 2022, Borders sold the Property to 3131 Veterans Blvd. LLC ("Respondent"). (Id. ¶ 8.) Respondent asserts that Borders assigned its rights under the insurance policy to Respondent. (Id. ¶ 9.) The parties disagree about the validity of the assignment and the amount of damage to the Property that is compensable under the Policy. (Id. ¶¶ 10-11.)

The Insurers assert that Respondent breached the Policy's Arbitration Agreement, set out in full in the Petition, (id. ¶ 34), by suing some of the Insurers in Louisiana state court, (id. ¶ 43). On November 18, 2022, the Insurers demanded that Respondent arbitrate all matters in difference between the parties, including all claims asserted in the Louisiana suit. (Id. ¶ 46.) The Insurers write that Respondent has not responded to the Insurers' arbitration demand and has instead attempted to circumvent the Arbitration Agreement by suing the domestic insurers only and purportedly waiving its claims against the foreign carriers. (Id. ¶¶ 47-48.) The Insurers dispute the effect of Respondent's purported waiver and say that this is an arbitrable issue because it is a matter in dispute between the parties. (Id. ¶¶ 49-50.)

The Insurers request that the Court issue an order compelling arbitration, retain jurisdiction until the arbitration panel is formally constituted, stay both the Louisiana state litigation and this case, and enjoin Respondent from litigating the subject matter of this lawsuit and the arbitration in any venue other than before an arbitration panel. (Id. ¶ 58.)

As discussed above, there are three motions before the Court: the Insurers' Petition to Compel Arbitration, the Insurers' Motion to Enjoin the Louisiana State Court Action, and Respondent's Motion to Dismiss for Lack of Personal Jurisdiction. However, a review of the parties' briefs reveals that each motion turns on whether the arbitration clause in the Policy is valid and enforceable.[6] This is the question to which the Court now turns.

---

[6] (See Resp. Arb. Opp. at 3-9, 12-17 (arguing that the Louisiana Insurance Code invalidates the arbitration clause in the policy); see generally Pet. Arb. Reply (arguing that the arbitration clause is enforceable under Louisiana law); see Pet. Inj. Br. at 3 ("If the Court grants Insurers' petition to compel arbitration, it should also enjoin Respondent's prosecution of the Louisiana state court action."); Resp. Inj. Opp. at 2 ("[f]or the reasons explained in 3131 Veterans' Opposition to Motion to Compel Arbitration [Rec. Doc. 31], the Insurers' Motion to Enjoin Louisiana State Court Action (the 'Motion to Enjoin') should also be denied"); Pet. MTD Opp. at 3 ("Respondent consented to personal jurisdiction in this Court" because it is the assignee of a party who agreed to an arbitration clause that set the seat of arbitration in New York); Resp. MTD Reply at 3 (footnote continued)

## II. Legal Standards

"The question of whether the parties have agreed to arbitrate, i.e., the 'question of arbitrability,' is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016) (quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002)). This "threshold question . . . is determined by state contract law principles." Id.

> In deciding motions to compel, courts apply a standard similar to that applicable for a motion for summary judgment. The summary judgment standard requires a court to consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits. In doing so, the court must draw all reasonable inferences in favor of the non-moving party.

Id. (quotation marks and citations omitted). "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003) (citing 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . be in issue, the court shall

---

(footnote continued) ("The Insurers have not made any attempt to explain why this court has personal jurisdiction over 3131 Veterans except to claim that 3131 Veterans is bound by an arbitration clause in the Policies. However, the arbitration clause of the Policies is not enforceable, and therefore cannot form a basis for the exercise of personal jurisdiction. As such, the claims against 3131 Veterans must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).").)

5

proceed summarily to the trial thereof.")). "[B]ut where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, we may rule on the basis of that legal issue and 'avoid the need for further court proceedings.'" Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd., 661 F.3d 164, 172 (2d Cir. 2011) (quoting Bensadoun, 316 F.3d at 175).

In support of their Petition, the Insurers invoke two federal statutes: the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or the "Convention"), as implemented by 9 U.S.C. §§ 201-08 (the "Convention Act"). (Pet. Arb. Br. at 4.) In response, Respondent relies on the McCarran-Ferguson Act ("MFA") and provisions of the Louisiana Insurance Code. (Resp. Arb. Opp. at 1.)

### A. The Convention Act

> An agreement to arbitrate exists within the meaning of the Convention and the FAA if: (1) there is a written agreement; (2) the writing provides for arbitration in the territory of a signatory of the convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope. Upon finding that such an agreement exists, a federal court must compel arbitration of any dispute falling within the scope of the agreement pursuant to the terms of the agreement.

6

U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 146 (2d Cir. 2001) (citation omitted). The Convention Act makes clear that the "emphatic" federal policy in favor of arbitration "applies with special force in the field of international commerce." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631 (1985).

### B. The FAA

The FAA presumes that questions of arbitrability will be decided by the courts unless "'there is "clear and unmistakable" evidence from the arbitration agreement, as construed by the relevant state law, that the parties intended that the question of arbitrability shall be decided by the arbitrator.'" Bell v. Cendant Corp., 293 F.3d 563, 566 (2d Cir. 2002) (quoting PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1198-99 (2d Cir. 1996)).

### C. The MFA

> [T]he McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq., which "precludes application of a federal statute in face of state law 'enacted . . . for the purpose of regulating the business of insurance,' if the federal measure does not 'specifically relat[e] to the business of insurance,' and would 'invalidate, impair, or supersede' the State's law." Humana Inc. v. Forsyth, 525 U.S. 299, 307, 119 S. Ct. 710, 142 L. Ed. 2d 753 (1999) (citing Department of Treasury v. Fabe, 508 U.S. 491, 501, 113 S. Ct. 2202, 124 L. Ed. 2d 449 (1993)). Congress passed the McCarran-Ferguson Act, in part, out of a concern that the Supreme Court's commerce jurisprudence "might undermine state efforts to regulate insurance" and therefore provided that "'silence on the part of the Congress shall not be

7

construed to impose any barrier to the regulation or taxation of such business by the several States.'" Humana, 525 U.S. at 306, 119 S. Ct. 710 (quoting 15 U.S.C. § 1011).

In re MF Glob. Holdings Ltd., 569 B.R. 544, 551-52 (Bankr. S.D.N.Y. 2017).

### D. **Applicable Louisiana Law**

Louisiana Revised Statute ("La. R.S.") § 22:442(A) ("Section 22:442") reads "An unauthorized insurer shall be sued, upon any cause of action arising in this state under any contract issued by it as a surplus lines contract, pursuant to this Subpart, in the district court of the parish in which the cause of action arose." La. R.S. § 1:3 instructs that "[t]he word 'shall' is mandatory." La. R.S. § 22:868 ("Section 22:868") provides in relevant part:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located . . . in this state . . . shall contain any condition, stipulation, or agreement either:
>
> > (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
> >
> > (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer. . . .
>
> C. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

8

> D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.

Surplus lines insurers are exempted from filing or seeking approval of their forms for property and casualty insurance unless the forms relate to public carrier vehicles. See La. R.S. § 22:446.

### III. Discussion

The Insurers assert that the Convention and the FAA are the operative statutes in this dispute. (Pet. Arb. Br. at 8-9.) By contrast, Respondent argues that the MFA reverse-preempts the Convention and the FAA, (Resp. Arb. Opp. at 7 (citing Stephens v. Am. Intern. Ins. Co., 66 F.3d 41, 43 (2d Cir. 1995)), and that the Louisiana Insurance Code controls, (Id. at 1, 3-9). Specifically, Respondent asserts that Section 22:442 and Section 22:868 each operate to render the arbitration provisions in the Policies unenforceable. (Id. at 4-5.)

The Court begins with the question of which Louisiana statute applies: Section 22:442 or Section 22:868. The parties agree that a more specific statute supersedes a general one. (See id. at 11-12; Pet. Arb. Reply at 3.) However, they disagree on which statute is more specific. Respondent argues for Section 22:442, (Resp. Arb. Opp. at 7), while the Insurers argue for Section 22:868, (Pet. Arb. Reply at 3). The Court finds that

9

Section 22:868 is the more specific statute. The title of Section 442 is "Legal process against unauthorized insurer," which supports Petitioners' assertion that Section 442 "precludes an insured or claimant from suing a surplus lines carrier in a parish within Louisiana other than the parish where the cause of action arose." (Id.) In comparison, both the title of Section 22:868, "Limiting actions; jurisdiction; venue," and its text, which "exempts surplus lines insurers from the prohibition against forum or venue selection clauses," (id. at 5), support the conclusion that Section 22:868 is keyed specifically to the issue at hand: the venue for disputes arising from surplus lines insurance contracts delivered in Louisiana. Thus, Section 22:868 controls.

Respondent cites two Louisiana state court cases in support of its assertion that Section 22:868 "renders arbitration provisions in insurance policies unenforceable." (Resp. Arb. Opp. at 5.) In Doucet v. Dental Health Plans Mgmt. Corp., the Louisiana Supreme Court wrote that, under the Section 22:868,[7] "[c]lassification of the contract at issue as an insurance contract renders the arbitration provisions of that contract unenforceable." 81–2268, (La. 4/5/82), 412 So.2d 1383, 1384. In

---

[7] Doucet cites La. R.S. § 22:629. However, La. R.S. § 22:629 "was retitled La. R.S. § 22:868." Bufkin Enters. LLC v. Indian Harbor Ins. Co., No. 21-CV-04017, 2023 WL 2393700, at *5 (W.D. La. Mar. 7, 2023).

10

Courville v. Allied Pro. Ins. Co., the Louisiana Court of Appeal, First Circuit, wrote that Section 22:868 "effectively prohibits the enforcement of arbitration provisions in the context of insurance disputes." 2013-0976, p. 8 (La. App. 1 Cir. 6/5/15) 174 So.3d 659, 666.

In reply, the Insurers cite Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc., 2018-0748 (La. 5/8/19) 282 So. 3d 1042, Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp., 884 F.3d 540 (5th Cir. 2018), and In re Mt. Hawley Ins. Co., 2022 WL 5360188 (5th Cir. Apr. 28, 2022) as support for their argument that Section 22:868 does not prohibit the arbitration clause at issue here. (Pet. Arb. Reply at 3-5). However, each of the Insurers' cases deals with a forum selection clause rather than an arbitration clause. See Creekstone, 282 So. 3d at 1045, p. 2; Al Copeland, 884 F.3d at 542; Ram Krishana Inc. v. MT Hawley Ins. Co., No. 21-CV-03031 2022 WL 266713, at *1 (W.D. La. Jan. 27, 2022) (the district court opinion reversed in In re Mt. Hawley). Thus, the merit of the Insurers' argument turns on whether "[a]britration clauses are a kind of forum selection clause" under Louisiana law. (Pet. Arb. Reply at 2.)

The precedent appears somewhat muddled on this point. The Insurers cite Stadtlander v. Ryan's Fam. Steakhouses, a case in which the Louisiana Court of Appeal, Second Circuit, wrote that "[a]n arbitration agreement is a 'kind of forum-selection

11

clause' . . . ." 34,384 (La. App. 2 Cir. 4/4/01), 794 So.2d 881, 890, writ denied, 01-1327 (La. 6/22/01), 794 So.2d 790 (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974)). The Insurers also cite Hodges v. Reasonover, a case in which the Louisiana Supreme Court quoted a Fifth Circuit precedent that equated a mandatory arbitration clause with "any forum selection clause." 12-0043 (La. 7/2/12), 103 So.3d 1069, 1076 (quoting Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte, 536 F.3d 439, 443-44 (5th Cir. 2008)). These quotes belie the differing treatment forum selection and arbitration clauses receive in Louisiana and Fifth Circuit courts when they interpret Section 22:868. The parties have already identified the split in Louisiana state court jurisprudence: Doucet and Courville hold that Section 22:868 prohibits arbitration clauses in insurance contracts while Creekstone holds that forum selection clauses are permissible under the same statute. However, Respondent has the better of the argument for two reasons. First, Doucet and Courville are more on-point precedents because they discuss arbitration clauses specifically. Second, in Creekstone, the case the Insurers cite in support of the enforceability of arbitration clauses, a concurring justice wrote that the purpose of Section 22:868 was to be an "anti-arbitration statute" and distinguished forum selection clauses from arbitration clauses because forum

12

selection clauses did not "have the effect of excluding judicial remedies." Creekstone, 18-0748, 282 So.3d at 1053 (Weimer, J., concurring).

Making matters worse for the Insurers, Fifth Circuit caselaw features a similar split in how courts have applied Section 22:868 to forum selection and arbitration clauses. While the Insurers correctly cite Al Copeland and In re Mt. Hawley as cases where Fifth Circuit courts have upheld forum selection clauses, the Insurers fail to engage with the line of Fifth Circuit cases applying a totally different standard to arbitration clauses. In the Fifth Circuit, the validity of an arbitration clause in an insurance contract depends on whether the contract is made with a foreign insurer. In cases involving only domestic insurers, Fifth Circuit courts have held that the MFA preempts the FAA, leaving in place Section 22:868, which in turn renders arbitration clauses in insurance contracts unenforceable. See, e.g., Next Level Hosp. LLC v. Indep. Specialty Ins. Co., No. 21-CV-04240, 2023 WL 2771583, at *6-7 (W.D. La. March 31, 2023); Fairway Village Condos. v. Indep. Specialty Ins. Co., No 22-2022, 2023 WL 2866944, at *5 (E.D. La. Apr. 10, 2023). In cases involving at least some foreign insurers, Fifth Circuit courts have: 1) held that the MFA does not preempt the Convention, which in turn preempts Section 22:868, making arbitration clauses in insurance contracts

13

enforceable; and 2) extended the enforceability of arbitration clauses to domestic insurers that jointly insure property with foreign insurers through a type of equitable estoppel known as Grigson estoppel. See, e.g., Port Cargo Serv., LLC v. Certain Underwritings at Lloyd's, No. CV 18-6192, 2018 WL 4042874, at *6-8 (E.D. La. Aug. 24, 2018) (quoting Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524, 527 (5th Cir. 2000)); Certain Underwriters at Lloyd's v. Belmont Commons L.L.C., No. 2:22-cv-3874, 2023 WL 105337, at *2-4 (E.D. La. Jan. 4, 2023); Antoine's Rest., LLC v. Certain Underwriters at Lloyd's London, 2023 WL 2302953, at *2 (E.D. La. Mar. 1, 2023).

Yet even the Fifth Circuit caselaw on arbitration clauses in contracts with foreign insurers fails to save Petitioners' claims. This caselaw is predicated on the Fifth Circuit's ruling that the MFA does not preempt the Convention. By contrast, the Second Circuit has held that the MFA preempts the Convention. Compare Safety Nat. Cas. Corp. v. Certain Underwriters at Lloyd's, London, 587 F.3d 714, 725 (5th Cir.2009), cert. denied, 562 U.S. 827, 131 S. Ct. 65, 178 L. Ed. 2d 22 (2010) (holding that the MFA does not apply to the Convention), with Stephens, 66 F.3d at 45 (holding that the MFA applies to the Convention because the Convention relied upon an act of Congress for its implementation); see also Claudia Lai, The McCarran Ferguson Act and the New York Convention for the Recognition and Enforcement

14

of Foreign Arbitral Awards: to Reverse-Preempt or Not?, 2011 U. CHI. LEGAL F. 349, 356-360 (2011) (discussing the circuit split). Because the Second Circuit has held that the MFA preempts the Convention, the Court will apply Section 22:868 without regard for the effect of the Convention.[8] The result is that Section 22:868 controls and renders unenforceable the arbitration clause in the Policy.

### IV. Conclusion

Because the Court finds that the arbitration clause in the Policy is unenforceable under the controlling statute, the Insurers' Petition to Compel Arbitration is DENIED. As a result, Respondent's motion to dismiss and the Insurers' motion to enjoin Respondent's state court action are DENIED as moot.

The Clerk of the Court shall close the open motions, (dkt. nos. 2, 26, and 29), and close case number 22-CV-9849.

---

[8] The Court notes that this approach - applying the Second Circuit rule on preemption of the Convention and analyzing the application of the underlying state law – is consistent with the Second Circuit's approach in Stephens and subsequent caselaw applying Stephens. See Stephens, 66 F.3d at 45 (deciding the MFA preemption question and analyzing the impact of the Kentucky Liquidation Act). See also Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Seneca Fam. of Agencies, 255 F. Supp. 3d 480, 484-87 (S.D.N.Y. 2017) (applying the Stephens preemption rule and analyzing the impact of Cal. Ins. Code § 11658.5); Zurich Ins. Co. v. Crowley Latin Am. Servs., LLC, No. 16 Civ. 1861, 2016 WL 7377047, at *2 (S.D.N.Y. Dec. 20, 2016) (applying the Stephens preemption rule and analyzing the impact of the Mississippi Insurance Guaranty Association Law).

**SO ORDERED.**

Dated:     August 15, 2023
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

16